IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 1:17-cr-00074(2) |
| Plaintiff, | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : **ORDER DENYING DEFENDANT'S** |
| | : **MOTION FOR COMPASSIONATE** |
| DAMONDO BLACK, | : **RELEASE** |
| Defendant. | : |

This matter is before the Court on Defendant DaMondo Black's *pro se* Motions for Compassionate Release (Docs. 274, 277) as well as the Motion for Compassionate Release his attorney filed on his behalf (Doc. 290). The Government opposes these motions (Docs. 275, 291), and Black filed a reply (Doc. 280).

I. **BACKGROUND**

On February 20, 2019, Defendant DaMondo Black entered into a plea agreement in this matter. (Doc. 184.) As part of the plea agreement, Black pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. According to the Superseding Information to which Black pled guilty, Black and others conspired to distribute 100 or more kilograms of marijuana over an approximately six year period. (Doc. 181.) As part of the plea, the parties agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence that included incarceration for 120 months. (Doc. 184 at PageID 697.) On August 7, 2019, the Court sentenced Black in accordance with the plea agreement, including commitment to the Bureau of Prisons for 120 months followed by four years of supervised release. (Doc. 230.)

On July 14, 2020, Black requested *pro se* a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), commonly called "compassionate release." (Doc. 274.) Pursuant to General Order 20-21, the Court appointed an attorney to assist Black. Black's counsel then filed a Motion for Compassionate Release, and the Government opposes both motions.

In his motions, Black alleges that he suffers from chronic asthma and was a heavy smoker prior to incarceration which increases his risk of death if he were to contract COVID-19. In addition, current prison protocols prevent him from taking appropriate health and safety actions as he is unable to limit contact with others and lacks desired supplies for cleaning and disinfecting his environment.

Black has served more than three years of his sentence. He is incarcerated at FCI-Ashland, and he appears to be a model inmate. His projected release date is December 14, 2025.[1]

## II.   LEGAL STANDARD AND ANALYSIS

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). "The compassionate release provisions were first included in the Sentencing Reform Act of 1984 . . . to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving

---

[1] Black states that his expected release date is June 14, 2024, "with good time and drug program." (Doc. 277 at PageID 1166.) The Bureau of Prisons website lists Black's projected release date as December 14, 2025, but this date may not reflect time that will be credited for successful completion of the drug program.

2

entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).

Compassionate release motions are governed by 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3582(c)(1)(A)(i):

> The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the case at bar, Black exhausted the required administrative remedies. Thus, the Court may grant his compassionate release if "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with the applicable Sentencing Commission policy statements.[2] 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3553(a) factors include, among others: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to

---

[2] The applicable Sentencing Commission policy statements are contained in Sentencing Guideline § 1B1.13, and the accompanying commentary. However, "this statement is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act." *Ebbers*, 432 F. Supp. 3d at 427. That being said, § 1B1.13(2) specifically requires a finding that "the defendant is not a danger to the safety of any other person or to the community." Commentary Application Note 1(A) to Guideline § 1B1.13 clarifies the circumstances under which a defendant's medical condition supports compassionate release (provided he is not a danger to the community).

3

reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct.

In this case, Black admittedly engaged in a six-year drug conspiracy. Although the Superseding Information to which he pled guilty charges him with distributing only marijuana, the statement of facts to which Black admitted references distribution of both marijuana and cocaine. (Docs. 181 at PageID 686; 184 at PageID 701.) In addition, the conspiracy was relatively sophisticated, involving "vehicles with hidden fabricated compartments" and creation of a music label whose "proceeds would be used to promote concerts in local clubs as a way to distribute the drugs and hide the true nature of moneys received in return." (Doc. 184 at PageID 701.)

As to Black's personal history and characteristics, this is not his first brush with the law. Indeed, even without considering Black's designation as a "career offender" or the fact that he was on parole for marijuana trafficking in Kentucky at the time of the instant offense, his criminal history score at sentencing was Category VI—the highest category. (PSR ¶¶ 75–78.) The Court must note, however, that Black's personal history and characteristics include more than just his significant criminal history. Black completed his high school education, and his *pro se* Motion for Compassionate Release is unusually well-written. His wife is educated and employed and appears willing to support him upon release. She described him as a wonderful father to his children.

Had Black not agreed specifically to a 120-month sentence in the plea agreement, his sentencing guideline range would have been 188 to 235 months. In attempting to determine whether Black poses a danger to the community, the Court has received conflicting information.

4

On one hand, Black appears to be an intelligent, loving family man who has complied with all prison rules and regulations. On the other, he has an extremely lengthy criminal history (primarily for trafficking marijuana) and seems to have supported himself exclusively through illegal activity. He has no significant employment history. He is nearly 39 years old. He has been charged at least twice with possession of weapons while under disability as a convicted felon, but those charges were dismissed when he pled guilty to drug-related charges.

After considering these § 3553(a) factors, the Court is unable to find that extraordinary and compelling reasons warrant a sentence reduction in this case. Black suffers from chronic asthma, and he genuinely fears for his life and health if he were to contract COVID-19 in prison. In addition, the Court is sympathetic to his family's desire for his immediate release to home confinement. However, Defendant's health concerns are inadequate to justify the risk of potential future crimes against society. Black's co-conspirators in this matter are primarily his family members with whom he will likely have future contact. In addition, with no significant employment history or special skills, the lure of criminal activity may be too strong to avoid once faced with the financial pressures of supporting a family outside of prison. Finally, although asthma places Black at increased risk of complications if he contracts COVID-19, it does not debilitate him in a way that would protect the public from future crimes. He had asthma when he committed the instant offense, and any physical limitations would not prevent him from engaging in similar criminal conduct if released now.

III.  CONCLUSION

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not warranted in this case. Accordingly, Defendant's Motions for Compassionate Release (Docs. 274, 277) are **DENIED**.

**IT IS SO ORDERED.**

Dated: October 13, 2020

Judge Susan J. Dlott
United States District Court