# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:17-cr-074
                                              Also 1:20-cv-633

                                              District Judge Susan J. Dlott
- vs -                                    Magistrate Judge Michael R. Merz

DAMONDO BLACK,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on the *pro se* Motion to Vacate under 28 U.S.C. § 2255 of Defendant Damondo Black (ECF No. 286). On the Magistrate Judge's Order (ECF No. 288), the United States has filed a Response in Opposition (ECF Nos. 291) to which Black has replied (ECF No. 296).

The case has been referred to the undersigned Magistrate Judge for a report and recommendations for disposition (ECF No. 287); ultimate decision on the Motion remains with District Judge Dlott.

Black pleads one claim for relief, to wit, that he received ineffective assistance of trial counsel when his retained trial attorney, Jon Paul Rion, failed to file a notice of appeal despite Black's request that he do so and Judge Dlott's direction to Rion to carry out that request (ECF No. 286, PageID 1212, 1221).

1

**Litigation History**

On June 17, 2017, the grand jury for this district indicted Defendant and others for conspiracy to distribute marijuana, cocaine, and heroin (Count One), possession of a firearm in furtherance of a drug crime (Count Two), and possession of a firearm after a prior felony conviction (Count Five).

On February 21, 2019, with the assistance of retained counsel, Black entered into a Plea Agreement with the United States under which he would plead guilty to Count One (ECF No. 184, PageID 695, et seq.). The Plea Agreement specifies that the sentence must be at least five years and could be as much as forty years. *Id.* at PageID 696. Nonetheless the parties agreed to recommend to Judge Dlott a sentence of 120 months (ten years). *Id.* at PageID 697. After considering a presentence investigation report, Judge Dlott sentenced Black to the agreed sentence on August 14, 2019 (ECF No. 230).

As part of the Plea Agreement, Black agreed

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 184, PageID 698). The docket shows that no Notice of Appeal was ever filed by Black or by anyone acting on his behalf.

Black acknowledges that his Plea Agreement contained "a condition that he would waive some or all of his Appellate rights." However, during sentencing this Court advised Black that while Black did waive most of his Appellate rights, he still could appeal the waiver itself.

2

(Motion, ECF No. 286, at PageID 1221).

After imposing sentence, Judge Dlott turned to a discussion of Black's appeal rights. She said

> Let me tell you about your rights on appeal, Mr. Black.
>
> Under some circumstances, a defendant has a right to appeal a sentence. However, a defendant may waive that right as part of a plea agreement. And you have entered into a plea agreement which waived some or all of your rights to appeal the sentence itself. Such waivers are generally enforceable, but if you believe the waiver itself is not valid, you can present that theory to the appellate court. If you can't afford a lawyer, one will be appointed to represent you on your appeal.
>
> You're further advised that in accordance with the Rules of Appellate Procedure, you need to file your notice of appeal within 14 days of the filing of this judgment. If you request, I can order the Clerk of Courts to immediately file a notice of appeal on your behalf, or if you don't want to make that decision at this moment, I can ask Mr. Rion to protect your appellate rights.
>
> Do you want me to ask Mr. Rion to do that?
>
> THE DEFENDANT: Yes, please.

(Transcript, ECF No. 242, PageID 958-59.)  Nothing further was said by any participant about appeal during the balance of that hearing.

As to what happened after the hearing, Black claims that he and his wife made many attempts to contact Rion, but to no avail (Motion, ECF No. 286, PageID 1222.)  He attaches his own Declaration to that effect (*Id.* at PageID 1226) as well as that of his spouse (*Id.* at PageID 1227).

3

The United States attached to its Response an Affidavit of Jon Paul Rion who avers that "After the conclusion of Mr. Black's case, an appeal was never discussed by the Defendant or anyone else." (ECF No. 292, PageID 1329).

Faced with Mr. Rion's Affidavit, Black poses two issues:

> **Issue One:** The Affirmative Assertion In The Sentencing Court, By The Petitioner Constitutes Sufficient Notice To The Defense Attorney That The Petitioner Desired That An Appeal Was To Be Submitted: and
>
> **Issue Two:** The Fact That There Has Been No Contact Precipitated By The Defense Attorney Following The Sentencing Hearing Constitutes Ineffective Assistance Of Counsel.

(Reply, ECF No. 296, PageID 1343.)  Black again quotes the sentencing transcript as it is quoted above.  He does not assert it is incorrect, but notes that Jon Paul Rion was standing shoulder-to-shoulder with him during this colloquy (Reply, ECF No. 296, PageID 1345).  The balance of Black's factual statements in his Reply parallel those he made with the § 2255 Motion and confirm that he never discussed filing an appeal with Rion after they both left the courtroom.

The distinction between telling Rion to file a notice of appeal and not discussing an appeal with him may seem overly subtle, but an important legal distinction turns on the difference.  Failure to file a notice of appeal on request is ineffective assistance without any showing of prejudice. *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993); *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991); *Estes v. United States,* 883 F.2d 645 (8th Cir. 1989); *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990).  The Sixth Circuit also held "We emphasize, of course, that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis.  The Constitution does not require lawyers to advise their clients of the right

to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459. In *Flores-Ortega* the Supreme Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks.

What Black seems to be claiming with his First Issue is that what he said in the sentencing colloquy amounts to an explicit request to file a notice of appeal. It does not. Judge Dlott offered Black the opportunity to have the Clerk file a notice of appeal for free. Since Rion was retained, Black would have known that further consultation with Rion would have involved a fee. Nevertheless, he did not ask Judge Dlott to have the notice filed, but rather asked for time to consider it.

There is no evidence that thereafter Black requested Rion to file the notice. What is before the Court is the unequivocal statement of both men and Black's spouse that they never thereafter discussed an appeal.

The failure of Rion to meet with Black to discuss a possible appeal might constitute ineffective assistance of trial counsel, but Black would have to prove the second prong of *Strickland v. Washington,* 466 U.S. 668 (1984), to wit, that he was prejudiced by that lack of conversation. To do so, he would have to show that he had some appealable issue with some colorable merit. In his Motion he "avers that issues exist that should be explored by competent counsel to show their validity. The issues, when brought to fruition, will challenge the constitutionality of the waiver in the plea agreement." (ECF No. 286, PageID 1223). That is mere speculation that there might be issues for appeal without any suggestion of what they might be.

A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698

5

F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006).*United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). Only challenges to the waiver itself will be entertained on appeal. *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012). This Court cannot evaluate any possible claim of prejudice from failure to file an appeal without knowing what claims Black makes that the waiver was invalid.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge recommends that the § 2255 Motion be dismissed with prejudice and the Clerk instructed to enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 22, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to

another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.